No. 7194.

S. W. HAMMOND VS. PETER ROSS ET ALS.

Where there is a voluntary joinder of several claimants in the same proceeding and the aggregate of their judgments is sufficient to give the appellate court jurisdiction, and the appeal is from all of them and the bond is given to cover all, one of them cannot, after the appeal is lodged here, separate himself from the others and demand the dismissal of the appeal because his judgment, or his part of the judgment, is for less than the appealable sum.

The surety to an appeal bond must satisfy whatever judgment is rendered on the appeal, and the proceeding against him is summary and by motion, and cannot be defeated on the pretext that the judgment below was not affirmed in its entirety but was amended.

The transfer of the rights of creditors carries with it the right of action to enforce those rights, whether the form of action be by rule, or suit, or otherwise.

Where an appeal bond had been lost or mislaid, the copy of it in the transcript that had gone up to this court may be used as the basis of a suit, without advertising its loss, and this the more where the execution of the bond is admitted, and it is payable to the clerk, and the suit upon it is by those who have right to enforce it.

APPEAL from the Fifth District Court of New Orleans. ROGERS, J.

*Braughn, Buck & Dinkelspiel,* and *M' Caleb* for Plaintiff in rule. *Shackleford* for Defendant Appellant.

Hammond provoked a concursus and was condemned to pay sundry persons divers sums, and appealed, giving John Thorn as surety. This court reduced the judgment below, a writ of *fi. fa.* issued and was returned *nulla bona,* and then the judgment creditors proceeded by rule against Thorn.

On motion to dismiss,

MANNING, C. J. A rule was taken on John Thorn, the surety on

an appeal bond, to shew cause why he should not pay the judgment rendered in favour of Edward Rangustat in the original suit.   That judgment was for $351.69.   The amount of the appeal bond was $5,500, because there were other judgments in favour of other parties in the same suit.

The appellee moves to dismiss on the ground that his judgment is for less than $500, and therefore, this court is without jurisdiction.

The aggregate of the judgments obtained in the original suit is $1,653.36.   The parties in whose favour they were rendered united in the prosecution of their several claims, and proceeded in concursu. The appeal bond was given to cover all of them.

In Ballio's Heirs *v.*.Prudhomme, two distinct suits were consolidated and the court refused to dismiss, although each was for less than the appealable sum, because both together exceeded it, and the consolidation was with the consent of the plaintiffs.   8 Mart., New Series, 338.   The present case is stronger for the appellant.   There was a voluntary joinder of the several claimants in the same proceeding, and the aggregate of their judgments was sufficient to give us jurisdiction.   The appeal was from all of them, and the bond was given to cover all.   One of them cannot now separate himself from the others, and demand the dismissal of the appeal because his judgment or his part of the judgment, was far less than the appealable sum.

*The motion is denied.*

On the merits,

DE BLANC, J.   Thorn excepted to the rule on the grounds: 1. That the law did not authorize the creditors to proceed summarily against him on his bond.   In all cases of appeal, if the judgment appealed from be affirmed, the plaintiff may on return of execution that no property has been found obtain a decree against the surety on motion after ten days' notice which shall be tried summarily. Rev. Stats., sec. 37.   Thorn contends that it is only when the judgment appealed from is affirmed as it was rendered, that the surety on an appeal bond can be held liable on motion, after ten days' notice.   That, in every other case, the creditor's remedy is by a new action in the ordinary form.

The liability of a surety on an appeal bond is fixed by an article of the Code of Practice, which seems to have escaped the attention of the counsel:  " It must be therein set forth in substance, that it is

Hammond *vs.* Ross.

given as security that the appellant shall prosecute his appeal, and that he shall satisfy whatever judgment may be rendered against him, or that the same shall be satisfied by the proceeds of the sale of his property, real and personal, if he be cast otherwise, that the surety shall be liable in his place.'' C. P. 579.

Under the plain terms of that article, Thorn bound himself to satisfy the judgment, whatever it might be, that would be rendered, against Hammond, and whether it entirely or partially was affirmed. The construction urged by his counsel is supported neither by the law, nor upon the authorities upon which he relies.

2. The rights of two of the creditors of Hammond have been transferred, and as the proceedings by rule can be resorted to by alone the plaintiff in the original suit, those creditor's transferees, cannot be allowed to proceed as they could have done.

''The sale of a credit includes everything which is accessory to the same ; as suretyship, privilege, mortgages,'' and, beyond any doubt, the right of action, whatever may be its character, which the law gives to enforce the transferred claim. C. C. 2645 (2615). The original appeal bond, on which are based the proceedings against the surety, was mislaid or lost. The deputy in charge of the clerk's office, swore that he had had it, but in vain, made diligent search to find it. In lieu of the original, the creditors offered the certified copy of the same, contained in the transcript of the appeal taken by Hammond. To the introduction of that copy, the surety's counsel objected on the grounds — 1st, that it was not proven that the bond sued upon was lost ; 2nd, that, if lost, no effort had been made, by advertisement, to recover possession of it. This objection was overruled ; he excepted, and to sustain his exception, relies on Articles 2279, 2258, 2280 (2259), of the Civil Code, which require that, where a lost instrument is made the foundation of a suit or defence, it must appear that its loss has been advertised, and proper means taken to recover it.

The date, the amount, the condition of the bond sued upon are specially alleged in the rule, and from the first to the last line of the surety's pleadings, he tacitly admits the truth of those allegations, the execution and validity of the bond, and merely complains that the creditor's action to enforce his obligation is premature.

In Lavergne *v.* Elkins, this court held that there is a wide difference between the cases, where the contents of a lost original are

attempted to be proved by parol, and where the loss is supplied by a copy taken from a record not suspicious. Much stronger evidence of the loss would be required in the former than in the latter cases. 17 L. 220.

In Cox *v.* Bradley, this court said: " Where an administrator's bond has been lost, and its existence and genuineness fully established, it is not necessary to shew that its loss was advertised, as required by the Code. It is still more unnecessary to shew any advertisement, when, as in this instance, the surety tacitly admits the execution and validity of a bond, made payable to the clerk of a court, not transferred by or to any one, and on which he is sued by those who alone can enforce the obligation evidenced by that bond." 15 A. 529.

*Judgment affirmed.*